AGNOFF FAMILY REVOCABLE TRUST v. LANDFALL ASSOC.

[127 N.C. App. 743 (1997)]

trial court's error in issuing its injunction until the street is closed, and remand for correction of the judgment.

Affirmed in part, reversed in part, and remanded for correction of judgment.

Judges WYNN and MARTIN, John C., concur.

━━━━━━━━

THE AGNOFF FAMILY REVOCABLE TRUST, CHARLES AGNOFF, EVELYN AGNOFF, TRUSTEES, AND ROLF SASS, PLAINTIFFS v. LANDFALL ASSOCIATES, LANDFALL COUNCIL OF ASSOCIATIONS, INC., LANDFALL PROPERTY OWNERS ASSOCIATION, INC., VILLAS AT LANDFALL OWNERS ASSOCIATION, INC., DEFENDANTS

No. COA97-190

(Filed 18 November 1997)

**Deeds § 57 (NCI4th)— restrictive covenant—pier connected to property**

A pier built one foot from and not touching a property violates a restriction on that property prohibiting the placement of any pier "connected to" said property.

Appeal by plaintiffs The Agnoff Family Revocable Trust, Charles Agnoff, and Evelyn Agnoff, Trustees, from judgment dated 21 October 1996 by Judge Ernest B. Fullwood in New Hanover County Superior Court. Heard in the Court of Appeals 8 October 1997.

*Block, Crouch, Keeter & Huffman, by Franklin L. Block, for The Agnoff Family Revocable Trust, Charles Agnoff, Evelyn Agnoff, Trustees, plaintiffs appellants.*

*Murchison, Taylor, Kendrick & Gibson, L.L.P., by Michael Murchison, for defendants appellees.*

GREENE, Judge.

The Agnoff Family Revocable Trust, through co-trustees Charles and Evelyn Agnoff (collectively, Agnoff), is the owner of a waterfront lot in Landfall Subdivision I, a residential community in New Hanover County, North Carolina. Agnoff appeals the trial court's entry of summary judgment for Landfall Associates, Landfall Council of

Associations, Inc., Landfall Property Owners Association, Inc., and Villas at Landfall Owners Association, Inc. (collectively, Landfall).[1]

The Agnoff property (Agnoff Property) is adjacent to lands owned by Landfall which abut navigable waters. The Agnoff Property was purchased subject to the following restrictive covenant (Covenant) contained in its deed from Landfall:

> Docks, etc.: (a) No private docks, piers, moorings, boat houses, slips or similar structure may be erected on, placed on *or connected to* any lot, unless specifically authorized in the deed to said lot.

(Emphasis added.) Agnoff sought a declaratory judgment to determine whether a pier (extending from the Agnoff Property across the property of Landfall to navigable waters) built one foot beyond its property line would violate the Covenant. Both Agnoff and Landfall filed motions for summary judgment. The trial court held that the proposed pier did violate the Covenant and enjoined Agnoff from building a pier "on or adjacent to" the Agnoff Property.

---

The dispositive issue is whether a pier built one foot from and not touching a property is violative of a restriction on that property prohibiting the placement of any pier "connected to" said property.

"Provided that a restrictive covenant does not offend articulated considerations of public policy or concepts of substantive law, such provisions are legitimate tools which may be utilized by developers and other interested parties to guide the subsequent usage of property." *Hobby & Son v. Family Homes*, 302 N.C. 64, 71, 274 S.E.2d 174, 179 (1981). In construing the language used in restrictive covenants, "each part . . . must be given effect according to the natural meaning of the words." *Id.* A dictionary is an appropriate place to gather the natural meaning of words. *Angel v. Truitt*, 108 N.C. App. 679, 683, 424 S.E.2d 660, 663 (1993).

Agnoff contends that the one foot gap between the Agnoff Property and the proposed pier will prevent the pier from "connect[ing] to" the Agnoff Property and thus its construction would not violate the Covenant. We disagree.

Webster defines "connected" as "joined or linked together [or] logically related." *Webster's Third New International Dictionary*

---

1. Plaintiff Rolf Sass sold his Landfall property and is not a party to this appeal.

480 (1966); *see also Black's Law Dictionary* 302 (6th ed. 1990) (defining "connected" as "[j]oined; united by junction, by an intervening substance or medium, by dependence or relation . . . ."). A definition of "joined" is "[t]o adjoin." *The American Heritage Dictionary* 690 (2d ed. 1982). "Adjoin" is defined to mean "next to; be contiguous to." *Id.* at 79. "Contiguous" is defined to mean "[i]n close proximity." *Black's Law Dictionary* 320 (6th ed. 1990).

In this case, Agnoff proposed to build a pier located one foot from the Agnoff Property and extending into navigable water. This proposed pier, if constructed, would "adjoin" and be "in close proximity" to the Agnoff Property. Furthermore, the pier and the Agnoff Property are "logically related" in that Agnoff would have no right to build the pier into navigable waters absent his ownership of the property abutting the water. *See Gaither v. Hospital*, 235 N.C. 431, 444, 70 S.E.2d 680, 691 (1952) (littoral proprietors have a property right in the water frontage belonging to their land). Thus, the pier Agnoff seeks to construct would be "connected to" the Agnoff Property within the meaning of the Covenant and the trial court correctly entered summary judgment for Landfall.

Affirmed.

Judges JOHN and TIMMONS-GOODSON concur.